UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MARSHALL JACKSON,

    Plaintiff,

v.                        Case No. 3:25cv2549-MW-HTC

WALTON CORRECTIONAL INSTITUTION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Douglas Marshall Jackson, a prisoner at Walton Correctional Institution ("Walton CI") proceeding *pro se*, filed a rambling, mostly nonsensical complaint which appears to complain about the conditions of confinement at Walton CI. Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case for DISMISSAL WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who did not pay the full filing fee and is not under imminent danger of serious physical injury.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff has been deemed a three-striker in both the Middle District and Northern District of Florida. *See* Doc. 4 in *Jackson v. Desoto Correctional Institution Annex et al.*, 2:17-cv-00297 (M.D. Fla.) ("Plaintiff Douglas Marshall Jackson has a lengthy history of abusive litigiousness and is a 'three-strikes' litigant") and Doc. 14 in *Jackson v. Inch,* 3:21-cv-00132-MCR-HTC (N.D. Fla.) (recommending dismissal under three-strikes provision and citing cases).

Also, although Plaintiff repeatedly uses the word "imminent" in his mostly incomprehensible pleading, nothing he claims shows he is in imminent danger of serious physical injury. To fall within the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir.

2011).  Allegations that "describe[] merely a hypothetical or speculative danger and fail[] to suggest that any specific threat has been made against plaintiff" are also insufficient.  *Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are … insufficient and lack the specificity necessary to show an imminent threat of serious physical injury"). .

Here, Jackson appears to claim Walton CI is infested with black mold, which he speculates could cause cancer.  Those allegations are insufficient to show that Plaintiff is in imminent danger of physical harm.  *See Cole*, 2009 WL 3668094 at *2; *see also Welch v. Selsky*, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical").  Likewise, Jackson's complaints that he should be allowed "organic kosher foods", and that he is not being allowed to freely exercise his religion, do not show he is under imminent harm of physical injury.  Doc. 1 at 9.

Because Plaintiff is a three-striker who did not pay the filing fee when he filed this action and has not shown he is under imminent danger of physical harm, Plaintiff's action should be dismissed.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed

in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who failed to pay the filing fee at the time of suit.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 17th day of December, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:25cv2549-MW-HTC